**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECONSIDERATION OF DETENTION** |
| vs. | ) | **ORDER** |
| | ) | |
| Devon Agnes Richard, | ) | Case No. 1:23-cr-180 |
| | ) | |
| Defendant. | ) | |

Before the court is a Motion to Reconsider Detention Order filed by Defendant on May 14, 2024. (Doc. No. 43). For the reasons that follow, the motion is denied.

Defendant is charged in an Indictment with five offenses: (1) conspiracy to distribute and possess with intent to distribute controlled substances; (2) possession with intent to distribute methamphetamine; (3) possession with intent to distribute fentanyl; (4) possession with intent to distribute cocaine; and (5) possession of firearms in furtherance of a drug trafficking crime. (Doc. No. 17).

Defendant was arrested on December 28, 2023, in the District of Arizona. (Doc. Nos. 24 and 27). She made her initial appearance in that district on December 29, 2023, and, on motion by the United States, was ordered detained by the court pending a detention hearing on January 5, 2024. (Doc. No. 24-1).

On January 5, 2024, the court in the District of Arizona held a detention hearing for Defendant. (Doc. No. 24). Finding that Defendant had not rebutted the presumption of detention and, in the alternative, there were no conditions available that would reasonably assure Defendant's appearance as required, the court ordered Defendant detained. (Doc. No. 24-2). In so doing, the

1

court took note of Defendant's lack of ties to Arizona, lack of resources, prior criminal history, record of prior failures to appear in court as ordered, history of substance abuse, use of aliases or multiple dates of birth or false identifying information, and the apparent weight of the evidence against Defendant.  (Id.).

On February 20, 2024, Defendant appeared before this court and was arraigned.  (Doc. No. 29).  On May 14, 2024, Defendant filed a motion requesting that this court to revisit the issue of detention and place her on a waiting list for a residential reentry placement.  (Doc. No. 43).  She stresses that a residential reentry placement was not something discussed at her detention hearing in the District of Arizona.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

This court is presently disinclined to reconsider the detention order issued by the court in the District of Arizona and release Defendant to a residential reentry facility immediately or at some point in the future.  First, Defendant has not presented any new information to rebut the presumption of detention and warrant reopening the detention hearing; the fact that a residential reentry placement was not explicitly discussed at Defendant's detention hearing does not constitute new information for purposes of § 3142(f).  Second, Defendant's criminal history, record of prior failures to appear in court as ordered, history of substance abuse, use of aliases or multiple dates of birth or false identifying information, and the apparent weight of the evidence continue to weigh in favor of her detention. Third, the placement of Defendant at a residential reentry center or the addition of

Defendant's name to the waiting list for such a placement are not otherwise viable options.  There

is presently no space for Defendant at any residential reentry facilities in this district.  The Pretrial

Services Office has also advised this court that Pinal County, Arizona, has an active detainer for

Defendant.  Thus, if Defendant were released by this court, she would remain in custody on Pinal

County's detainer pending transport.  Defendant's Motion to Reconsider Detention Order (Doc. No.

43) is therefore **DENIED.**

       **IT IS S ORDERED.**

Dated this 20th day of May, 2024.

                                      */s/ Clare R. Hochhalter*
                                        Clare R. Hochhalter, Magistrate Judge
                                        United States District Court